IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

NEAL S. SMITH,

    Plaintiff,

v.                              CIVIL NO.: S-02-3049

CONTINENTAL CASUALTY COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the motion of the defendant, Continental Casualty Co. ("Continental"), to dismiss the complaint for failure to state a claim upon which relief can be granted. The plaintiff, Neal S. Smith ("Mr. Smith"), is seeking relief under the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, alleging that Continental wrongfully denied him certain disability benefits and/or breached various fiduciary duties it owed him by denying those same benefits. The issues have been adequately briefed by the parties, and no oral hearing is necessary. Local Rule 105.6 (D. Md.).

### BACKGROUND

Mr. Smith alleges that his employer, J.J. Haines & Co., Inc., provided him long-term disability benefits under a plan



insured by Continental. Sometime after February 23, 2001, he submitted a claim for benefits based upon various problems with his back. Continental rejected his claim, and Mr. Smith appealed through the internal review process. On November 6, 2001, Continental reversed its decision, approved Mr. Smith's claim, and paid all benefits due and owing. About one year later, by letter dated November 21, 2002, Continental denied Mr. Smith payment of any future long-term disability benefits, "stating that an 'independent peer review' concluded that [he] was not precluded from performing the duties of his occupation." Compl. ¶ 13. Although Mr. Smith again appealed, Continental sustained this denial of benefits, which Mr. Smith now contests here.

Mr. Smith asserts a single count against Continental, which he styles "Wrongful Denial of Benefits." He nevertheless maintains:

> To the extent that the Defendant was and is in a fiduciary relationship to the Plaintiff, the acts and/or omissions of the Defendant . . . constitute a breach of the fiduciary duties owed by the Defendant to the Plaintiff. This fiduciary breach alleged is expressly brought under 29 U.S.C. § 1132(a)(1) as an individual claim against the insurer to recover benefits due to [him] under the terms of the plan, or to clarify [his] rights to future benefits under the terms of the plan. No claim is alleged on behalf of members of the plan as a whole as part of a 29 U.S.C. § 1132(a)(2) action.

Compl. ¶ 22 (emphasis omitted).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss under Rule 12(b)(6), a court must accept the allegations contained in the complaint as true. *See DeBauche v. Trani*, 191 F.3d 499, 505 (4th Cir. 1999)(citing *Conley*, 355 U.S. at 47-48). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Otherwise, "Rule 12(b)(6) would serve no function, for its purpose is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint." *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1086 (4th Cir. 1979).

## ANALYSIS

Section 502(a) of ERISA establishes a comprehensive and exclusive civil enforcement scheme. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). The law clearly sets forth "which persons . . . may bring actions for particular kinds of

relief." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 25 (1983). Section 502(a)(1)(B) permits an ERISA plan participant or beneficiary to bring a private cause of action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Quite distinctly, § 502(a)(2) confers a private right of action on a plan participant, beneficiary, or fiduciary to obtain appropriate relief, *on behalf of the plan*, for breaches of the fiduciary duties imposed by § 409 of ERISA. *Id.* §§ 1109(a), 1132(a)(2); *see also Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985)(concluding that any recovery under § 502(a)(2) inures to the benefit of "the plan itself"); *Kopicki v. Fitzgerald Auto. Family Employee Benefits Plan*, 121 F. Supp. 2d 467, 483 (D. Md. 2000).

When a plan participant simply seeks disability benefits that allegedly should have been distributed under the plan, § 502(a)(1)(B) provides the appropriate remedy. *Coyne & Delaney Co. v. Blue Cross & Blue Shield of Va., Inc.*, 102 F.3d 712, 715 (4th Cir. 1996); *see also Russell*, 473 U.S. at 146-48. A participant "cannot merely recast a claim predicated upon [a] fiduciary's alleged mishandling of an isolated claim for coverage in the form of a breach of [fiduciary] duty." *Kopicki*, 121 F.

4

Supp. 2d at 483 (citing *Coyne & Delaney Co.*, 102 F.3d at 714-15). Otherwise, "*every* wrongful denial of benefits could be characterized as a breach of fiduciary duty." *Coyne & Delaney Co.*, 102 F.3d at 714. And "a claim for breach of fiduciary duty is actually a claim for benefits where the resolution of the claim rests upon an interpretation and application of *an ERISA-regulated plan* rather than upon an interpretation and application of *ERISA*." *Smith v. Sydnor*, 184 F.3d 356, 362 (4th Cir. 1999).

Despite Mr. Smith's enumeration of various fiduciary duties allegedly owed him, Compl. ¶ 24, resolution of his claim for disability benefits does not rest upon an interpretation or application of ERISA. It rests, rather, upon an interpretation and application of an ERISA-regulated plan. Moreover, Mr. Smith fails to allege any facts that might support a breach-of-fiduciary-duty claim independent of his wrongful-denial-of-benefits claim. Indeed, Mr. Smith alleges no more than that Continental "breached its fiduciary duties to [him] by wrongfully denying benefits when such denial was determined arbitrarily and was contrary to the evidence presented." *Id.* ¶ 25. Therefore, to the extent Mr. Smith seeks relief for any breach of a fiduciary duty, his complaint must be dismissed. However, to the extent he seeks relief for wrongful denial of disability benefits under § 502(a)(1)(B), he states a valid claim that survives

Continental's motion to dismiss.

ORDER

For the foregoing reasons, it is, this 10th day of December, 2002, hereby ORDERED:

1. That the defendant's motion to dismiss the plaintiff's complaint BE, and it hereby IS, GRANTED IN PART (insofar as the complaint seeks relief for breach of fiduciary duty);

2. That the defendant's motion to dismiss the plaintiff's complaint BE, and it hereby IS, DENIED IN PART (insofar as the complaint seeks relief for wrongful denial of benefits);

3. That defendant is hereby directed to answer the complaint within 20 days of the date hereof; and

4. That the Clerk of the Court send copies of this Memorandum Opinion and Order to counsel for the parties.

_____
Frederic N. Smalkin
Chief United States District Judge