UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NEAL S. SMITH, | * |
|    Plaintiff, | * |
| v. | *  Civil Action No. WDQ 02-CV-3049 |
| CONTINENTAL CASUALTY COMPANY, | * |
|    Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE PLAINTIFF'S SURREPLY
<u>IN FURTHER SUPPORT OF HIS CROSS-MOTION FOR SUMMARY JUDGMENT</u>

Defendant, Continental Casualty Company, ("Continental"), pursuant to Maryland Local Rule 105, submits this memorandum of law in support of its motion to strike the surreply memorandum in support of the cross-motion for summary judgment filed by plaintiff, Neal S. Smith.

I.     <u>PRELIMINARY STATEMENT</u>

Although labeled a "reply" memorandum, Mr. Smith's "reply," in fact, is a surreply because it is the third memoranda filed in support of his cross motion for summary judgment. Mr. Smith's surreply should be stricken for two reasons. First, Mr. Smith's surreply violates Local Rule 105.2(c), which limits each side to two memoranda. Second, Mr. Smith's surreply violates Local Rule 105.2(a), which prohibits the filing of surreply memoranda unless ordered by the Court. Accordingly, the surreply memorandum filed by Mr. Smith should be stricken from the record.

## II. ARGUMENT

A. On Cross-Motions For Summary Judgment, The Local Rules Permit Each Side To File Only Two Memoranda Of Law

Local Rule 105.2(c) directs the parties in proceedings in which both parties are filing motions for summary judgment. According to that Local Rule, each side is permitted to file two memoranda of law. Contrary to this Local Rule, Mr. Smith seeks to gain a patently unfair advantage by filing three memoranda of law. Not only is this unfair in terms of the number of filings, but Mr. Smith is taking this action in an inappropriate effort to have the last word. The Court should enter an order striking Mr. Smith's "reply" because it is contrary to Local Rule 105.2(c).

B. The Local Rules Prohibit The Filing of Surreply Memoranda

Local Rule 105.2(a) provides that, "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Judge Young explained the reason for this Local Rule as follows:

> [P]arties, if left to their own devices, can subject the Court to the endless task of responding to waves of filings and counter-filings, as the litigants trade a succession of afterthoughts. Local Rule 105.2(a) protects the Court from being turned into a trampoline for the excess energies of litigants whose need to have the last word exceeds the boundaries of fair briefing of issues.

*Allnut v. U.S. Dep't of Justice*, Case Nos. Y-98-901, Y-98-1722, 2000 WL 852455 at \*15 (D. Md. Oct. 23, 2000); *see also Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 68 n.3. (D.D.C. 2001). This alone compels the conclusion that Mr. Smith's "reply" should be stricken as an improvidently filed "surreply." *Longwood Vill.*, 157 F. Supp. 2d at 68 n.3; *Allnut*, 2000 WL 852455 at \*15.

C.   Mr. Smith Has No Legitimate Grounds For Filing A Surreply

Leave to file a surreply will be granted only in "rare circumstances." *Pehr v. Rubbermaid, Inc.*, 87 F. Supp. 2d 1222, 1237 (D. Kan. 2000). A party seeking to file a surreply must show that the other party raised new arguments in its reply that were not included in the original motion. *Longwood Vill.*, 157 F. Supp. 2d at 68 n.3. The correct standard for granting such a request is "whether the party making the motion would be unable to contest matter presented to the court for the first time in the opposing party's reply." *Groobert v. President & Dirs. of Georgetown Coll.*, 219 F. Supp. 2d 1, 13 (D.D.C. 2002) (quoting *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)). The matter raised for the first time must be "truly new." *United States v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002). "A surreply is most appropriate where the new matter introduced is factual." *Id.*

Mr. Smith could not meet the exacting standards for the granting of such a request even if he had pursued it in the appropriate manner. Continental offered no new matter in its reply. Rather, it merely responded to the arguments advanced by Mr. Smith. Indeed, plaintiff's surreply is a reconstituted version of his first and second summary judgment memoranda. (*See* Paper Nos. 13 & 23.) Direct "cut and paste" rehash occurs repeatedly in Mr. Smith's surreply. (*Compare, e.g.,* Surreply at 3 *with* Paper No. 23 at 16; Surreply at 5 *with* Paper No. 23 at 26; and Surreply at 11 *with* Paper No. 13 at 10-11 & Paper No. 23 at 9-10.) Such a rehash of arguments ought not be permitted in the guise of a surreply.

III.   CONCLUSION

For the reasons stated, Mr. Smith's mislabeled "reply" memorandum of points and authorities in further support of cross motion for summary judgment should be stricken.

        Respectfully submitted,

        _____/s/_____
        Bryan D. Bolton
        Federal Bar No. 02112
        Hisham M. Amin
        Federal Bar No. 15570
        Peter C. Ismay
        Federal Bar No. 27118

        Funk & Bolton, P.A.
        Twelfth Floor
        36 South Charles Street
        Baltimore, Maryland  21201-3111
        410.659.7700 (telephone)
        410.659.7773 (facsimile)

        Attorneys for Continental Casualty Company

Dated:        May 30, 2003

20024.014: 64409v3