IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NEAL S. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.:S 02-3049 |
| | ) |
| CONTINENTAL CASUALTY COMPANY | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR RECONSIDERATION AND
LEAVE OF COURT TO FILE SURREPLY**

Plaintiff, hereby submits this motion pursuant to Maryland Local Rule 105, requesting reconsideration of the Court's Order to Strike Plaintiff's Reply Memorandum and for leave of Court to file the Memorandum in support of Plaintiff's Cross-Motion for Summary Judgement and states the following grounds:

I.  <u>A material change in binding case authority occurred following submission of Plaintiff's previous memorandum.</u>

During the briefing period, the United States Supreme Court ruling in *The Black & Decker Plan v. Nord*, No. 02-469 (May 27, 2003). This new ruling further clarified the weight to be given to treating physician opinion by plan administrators. The Plaintiff's previous briefing plead the treating physician rule as addressed in this jurisdiction and as held in others. Given the new ruling, the Plaintiff was not afforded an opportunity to address his argument and the applicable case law concerning the weight of treating physician opinion for this case.

II  <u>Defendant's plead a series of new facts which were mischaracterized.</u>

Defendant's in their Reply stated the following new arguments as follows:

1

- C  Plaintiff sought to introduce new facts which were not part of the administrative record in contravention of a prior "agreement" not to do so.

- C  Defendant's position that activities of MetLife with NMR have no bearing on their case despite case law demonstrating NMR's involvement with other insurance companies including itself.

- C  Defendant's allegation that Plaintiff was never approved for benefits and that payments made were "good faith" payments instead.

- C  Defendant's claim that plaintiff had taken an "adversarial" during the administrative appeal period.

- C  Defendant's attempt to introduce new evidence impugning Plaintiff's treating and examining physicians by use of unsubstantiated innuendo.

II    The case law permits such filing under the given facts.

A party seeking to reply must show that other party has raised new arguments in its reply that were not included in the original motion. *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp.2d 61 (D.D.C. 2001). There is no question that Defendant raised several new arguments which employed a series of mischaracterizations and innuendo as part of its reply in its attempt to get the "last word" and avoid a response which would reveal the many inaccuracies, unsubstantiated arguments, and unjustified accusations.

Given the new ruling in *Nord* by the United States Supreme Court, Plaintiff's previous briefing required modification in order to address this ruling and demonstrate the merits of its arguments beyond the treating physician rule which had been addressed in depth.

The need for clarification of these issues goes far beyond the need for the last word, but

rather is required in order for the Plaintiff to clarify necessary legal issues for which a sweeping change in the law had occurred after the last permitted memoranda had been filed. In addition, the new factual allegations raised by the Defendant's opened the door to a surreply as it was improper to set forth such argument in their Reply and, without response, leaves Plaintiff at an unfair disadvantage. *Allnut v. U.S. Dept. of Justice*, Case Nos. Y&-98-901, Y-98-1722, 2000 WL 852455 at *15 (D.Md. Oct. 23, 2000). Since oral argument is not required under the law, Plaintiff could not expect that he could contest the new arguments raised by Defendant in court. *Groobert v. President & Dirs. Of Georgetown Coll.*, 219 F. Supp.2d 1, 13 (D.D.C. 2002) citing *Lewis v. Rumsfeld*, 154 F. Supp.2d 56, 61 (D.D.C. 2001). Contrary to Defendant's allegation, the great majority of Plaintiff's final reply was not a rehash of arguments and addressed the new arguments raised by Defendant. Use of previously cited case law and arguments to defend against the new claims raised does not constitute a "reconstitution" of the prior memoranda.

CONCLUSION:

    Plaintiff seeks to reply to new arguments raised by the Defendant and to clarify previously filed arguments which have been substantially affected by a new Supreme Court ruling. Based on the grounds cited, Plaintiff hereby seeks reconsideration of the Order striking its final memorandum and for leave of this Court to receive the memorandum and review it as part of this proceeding.

       Respectfully submitted,


       _____
       Scott B. Elkind #10810
       Stephen F. Shea #4066
       Elkind & Shea
       801 Roeder Rd., Ste. 550
       Silver Spring, MD 20910
       P: (301) 495-6665
       F: (301) 565-5111
       Attorneys for Plaintiff