UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NEAL S. SMITH | * |
|    Plaintiff, | * |
| v. | *   Civil Action No. WDQ 02-CV-3049 |
| CONTINENTAL CASUALTY COMPANY | * |
|    Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OF LAW IN SUPPORT OF CONTINENTAL CASUALTY COMPANY'S MOTION TO STRIKE PLAINTIFF'S REPLY TO OPPOSITION TO PETITION FOR ATTORNEYS' FEES AND COSTS OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SURREPLY

Defendant Continental Casualty Company ("Continental"), pursuant to Maryland Local Rule 105, files this memorandum of law in support of its motion to strike plaintiff Neal Smith's reply to opposition to petition for attorneys' fees and costs or, in the alternative, for leave to file a surreply.

1. Mr. Smith has filed a reply to Continental's opposition to motion for attorney's fees and costs. Local Rule 110 allows the filing of a motion for attorney's fees and an opposition, but does not authorize the moving party to file a reply. *See* Local Rule 110.2(a). The reply, therefore, should be stricken.

2. In the alternative, Continental respectfully requests leave to file a surreply. Mr. Smith's unauthorized reply sets forth new arguments not raised in the original motion for attorney's fees and seeks, for the first time, relief other than attorney's fees under 29 U.S.C. § 1132(g)(1).

3. Apparently recognizing that the original motion for attorney's fees failed to identify any specific bad faith conduct by Continental warranting an award of fees, Mr. Smith alleges, for the first time, that Continental violated 29 C.F.R. 2560.503-1(f)(1) by failing to timely deny Mr. Smith's claim,

and violated 29 C.F.R. 2560.502-1(g) by failing to produce the policy. (Pl.'s Reply Mem., pp. 2, 3.) For this latter violation, Mr. Smith apparently requests "court ordered sanctions of up to $110/day." (*Id.*) Assuming *arguendo* that a violation of these two provisions is grounds for an award of fees under 29 U.S.C. § 1132(g)(1), Continental should be permitted the opportunity to respond to these new allegations and new request for relief.

    4.    Mr. Smith also accuses Continental of bad faith conduct in making certain arguments in its opposition memorandum, specifically Continental's arguments that (1) the existence of a conflict of interest for purposes of determining the applicable standard of review is wholly irrelevant to whether Mr. Smith is entitled to attorney's fees and costs (*see id.*, p. 3 ("This argument was made in bad faith given the law and facts known")); (2) the denial of the waiver of premium claim is not grounds for an award of attorney's fees (*id.*, pp. 3-4); and (3) Mr. Smith did not seek to benefit other plan members by filing this action. (*Id.*, p. 5) ("an obvious bad faith attempt to mislead this Court"). Mr. Smith also claims that Continental engaged in "bad faith conduct" by failing to identify, in its opposition memorandum, any law contradicting Local Rule Appendix B1(b)(x) that "preparation of the fee petition is deemed part of the fee obtained." (*Id.*, p. 8.) Assuming *arguendo* that Mr. Smith could be awarded attorney's fees under ERISA because Continental advanced arguments in "bad faith" in its opposition memorandum – a novel proposition that Continental refutes – Continental should be afforded the opportunity to respond substantively to Mr. Smith's new allegations.

    5.    Finally, Mr. Smith requests that the Court order Continental to produce its counsel's billing records "to demonstrate how reasonable the billing practices of [Mr. Smith's] hired counsel are." (*Id.*, p. 8.) Given the nature of Continental's challenge to the Mr. Smith's fee claim, it is unclear why

Mr. Smith seeks this relief or how it will prove anything.  In any event, Continental should be given the opportunity to respond to Mr. Smith's new request for relief.

WHEREFORE, Continental Casualty Company respectfully requests that the Court strike plaintiff Neal Smith's reply to opposition to petition for attorneys' fees and costs or, in the alternative, grant leave for Continental to file a surreply.

Respectfully submitted,

_____/s/_____
Bryan D. Bolton
Federal Bar No. 02112
Michael R. McCann
Federal Bar No. 23751
Hisham M. Amin
Federal Bar No. 15570

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland  21201-3111
410.659.7700 (telephone)
410.659.7773 (facsimile)

Attorneys for Continental Casualty Company

Dated: September 9, 2003
20024.014:66905