IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NEAL S. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.:WDQ 02-3049 |
| | ) |
| CONTINENTAL CASUALTY COMPANY | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST TO FILE SURREPLY**

Plaintiff, by and through counsel, hereby opposes Defendant Continental Casualty Company's Motion for Leave of Court to File a Surreply in the above-captioned matter, and in so doing, states the following:

APPLICABLE LAW:

Local Rule 105.2(a) provides that: "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Judge Young set forth the following underlying reason for this rule:

> [P]arties, if left to their own devices, can subject the Court to the endless task of responding to waves of filings and counter-filings, as the litigants trade a succession of afterthoughts. Local Rule 105.2(a) protects the Court from being turned into a trampoline for the excess energies of litigants whose need to have the last word exceeds the boundaries of fair briefing.

*Allnut v. U.S. Dept. of Justice*, Case Nos. Y-98-901, Y-98-1722,, 2000WL 852455 at *15 (D.Md. Oct. 23, 2000); *See Also*, *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 68, n.3 (D.D.C. 2001). Based on these holdings, Defendant's request to file a surreply should be denied since this Court's order did not authorize this additional pleading for the sake of efficiency and

economy.

Leave to file a surreply will be granted only in "rare circumstances." *Pehr v. Rubbermaid, Inc.*, 87 F.Supp.2d 1222, 1237 (D.Kan. 2000). A party seeking to file a surreply must show that the other party raised new arguments in its reply that were not included in the original motion. *Longwood Vill.*, 157 F. Supp.2d at 68, n.3. The correct standard for granting such a request is "whether the party making the motion would be unable to contest matter presented to the court for the first time in the opposing party's reply." *Groobert v. President & Dirs. of Georgetown Coll.*, 219 F. Supp.2d 1, 13 (D.D.C. 2002)(quoting *Lewis v. Rumsfeld*, 154 F. Supp.2d 56, 61 (D.D.C. 2001))). The matter raised for the first time must be "truly new." *United States v. Diabetes Treatment Ctrs. Of Am., Inc.*, 238 F. Supp.2d 270, 277 (D.D.C. 2002). Further, "A surreply is most appropriate where the new matter introduced is factual." *Id*.

ARGUMENT:

The most cursory review of Plaintiff's Reply reveals that he has not asked for any relief for the bad faith conduct by Defendant in its violation of 29 C.F.R. § 2560.503-1(f)(1). Rather, Plaintiff merely pointed out that the factual pleading by Defendant in its Opposition stated that it took 14 months to investigate Plaintiff's claim for long term disability benefits would constitute a violation under 29 CFR 2560.502-1(g) for failure to complete review within 60 days. Further, any award under §502-(1)(g) would only be in the form of sanctions and not in the form of attorney fees. Plaintiff has made no claim for sanctions, but only made reference to the statute for the purpose of illustrating Defendant's ongoing bad faith conduct. The specious argument made by Defendant concerning Plaintiff's response only reinforces this concept.

In its reply, Plaintiff also pointed out Defendant's misguided stance that Plaintiff was not

permitted to include the time taken to prepare a fee petition as part of his billing under Local Rule Appendix (B)(1)(b)(x). This was merely responsive to Defendant's poorly supported allegation and did not raise a new issue.

The request for Continental to produce it counsel's billing records is a premise based in the notion of fair play. In the fee petition context, Defendant is afforded the exalted position of criticizing Plaintiff's fee petition without exposing its own billing practices and the exposing its own hypocrisy. Should this Court be inclined to side with the Plaintiff is his request for an Order for the Defendant to produce its own billing for comparative purposes, Plaintiff will consent to a surreply by Defendant for that limited purpose only.

Given the fact that Defendant failed to address the substance of any other declarations filed previously, it remains to question what exactly it wishes to address concerning these final two documents. Certainly, the information set forth fails to raise any new issue and Defendant's failure to address this information can be deemed a waiver of any right to respond at this time. Further, Plaintiff informed Defendant at the time of filing of his original Petition that additional declarations would be forthcoming due to delay as the declaring practitioners were not immediately available at that time Plaintiff's Petition was due. Therefore, Defendant's claim of surprise at this point is rather disingenuous.

The Court's order dated 8/4/03 was explicit in stating that Plaintiff was to file a reply in its attorney fee and cost petition. The order stated no permission for filing of a surreply.

Other than requesting this Court to order production of Defendant's billing from its counsel, Plaintiff did not raise a new issue or fact. Plaintiff merely responded to facts and issues raised by the Defendant itself in its responsive pleading. To this end, the Plaintiff again pointed

out the ongoing bad faith conduct by the Defendant by addressing the content of its own responsive pleading. Plaintiff has done so again in this pleading.

CONCLUSION:

For the reasons stated, Plaintiff requests that this Court deny Defendant's request to file a surreply on all counts except for production of defense counsel's billing to Defendant in this matter. Although Plaintiff was required to file this additional pleading which has not been included in the previously filed Amended Billing Summary, Plaintiff will not seek permission to submit a Second Amended Billing Summary to reflect the additional time expended to reply to Defendant's request in order to avoid another round of responsive pleading by the Defendant.

    Respectfully submitted,

_____
Scott B. Elkind #10810
Stephen F. Shea #4066
Elkind & Shea
801 Roeder Rd., Ste. 550
Silver Spring, MD 20910
P: (301) 495-6665
F: (301) 565-5111
Attorneys for Plaintiff