UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NEAL S. SMITH | * |
|     Plaintiff, | * |
| v. | *    Civil Action No. WDQ 02-CV-3049 |
| CONTINENTAL CASUALTY COMPANY | * |
|     Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

REPLY MEMORANDUM IN FURTHER SUPPORT
OF CONTINENTAL CASUALTY COMPANY'S
MOTION FOR LEAVE TO FILE SURREPLY

Defendant Continental Casualty Company ("Continental"), pursuant to Local Rule 105.1, files this reply in further support of its motion for leave to file a surreply.

1. Mr. Smith contends that "[o]ther than requesting this Court to order production of Defendant's billing from its counsel, [he] did not raise a new issue or fact" in his reply to Continental's opposition to plaintiff's motion for attorney's fees (the "Reply Memorandum"). He "merely responded to facts and issues raised by [Continental] itself in its responsive pleading." (Opp. to Def.'s Req. to File Surreply, p. 3 (Paper No. 41).)

2. Mr. Smith mischaracterizes the Reply Memorandum. The new arguments he raised in the Reply Memorandum were clearly not responsive to any argument raised by Continental in its opposition to motion for attorney's fees. Continental's opposition did not address, for example, either the timeliness of its claim denial or its production of the policy. (*See* Def.'s Opp. to Pet. for Att.'s Fees.) Not until the Reply Memorandum did Mr. Smith first challenge the timeliness of Continental's claim denial and production of the policy. (*See* Pl.'s Reply to Opp. to Pet. for Att.'s Fees, pp. 2-3.)

3.      Further, Mr. Smith downplays the significance of these new accusations by denying that he is asking the Court for a separate award of sanctions for Continental's conduct. Mr. Smith misses the point. He explicitly relies upon the accusations to support his claim for attorney's fees. That he does not seek separate sanctions is irrelevant, and does not render his accusations immune from challenge.

4.      The Reply Memorandum is replete with colorful, but baseless, accusations of bad faith conduct by Continental in making certain arguments in its opposition memorandum. Although Mr. Smith is correct that, technically speaking, these accusations were advanced in response to the opposition (they could not have been advanced earlier), he nevertheless relies upon them to support his claim for attorney's fees. Continental is entitled to respond as if the allegations were asserted in the original motion.

5.      With the Reply Memorandum, Mr. Smith submitted an "amended billing summary." In addition, Mr. Smith filed two new declarations supporting his motion for attorney's fees (Paper No. 43). Continental, of course, has not had an opportunity to respond to this new documentary evidence. Mr. Smith concedes this point. Indeed, in his opposition to motion for leave to file a surreply, Mr. Smith's sole argument for denying Continental the opportunity to respond to this new evidence is that Continental "failed to address the substance of any other declarations filed previously…." (Opp. to Def.'s Req. to File Surreply, p. 3.) Mr. Smith is wrong for two reasons.[1]

First, contrary to Mr. Smith's suggestion, Continental did address, in its opposition to motion for attorney's fees, the declarations submitted by Mr. Smith in his original motion. (*See* Def.'s Opp. to Pet. for Att.'s Fees, p. 13.) Second, even if Continental did not challenge the "substance" of the original

---

[1] Mr. Smith fails to address his belated production of the amended billing summary, or contend that Continental should not be permitted to respond to it. (*See* Opp. to Def.'s Req. to File Surreply, p. 3.)

declarations, that does not deprive Continental of the opportunity to confront the new declarations, substantively or otherwise.

6.  Finally, Mr. Smith concedes that Continental should be permitted to respond to his request for production of Continental's billing records. (Opp. to Def.'s Req. to File Surreply, p. 3.) Continental agrees.

WHEREFORE, Continental Casualty Company respectfully requests that the Court grant Continental leave to file a surreply.

Respectfully submitted,

_____/s/_____
Bryan D. Bolton
Federal Bar No. 02112
Michael R. McCann
Federal Bar No. 23751
Hisham M. Amin
Federal Bar No. 15570

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland  21201-3111
410.659.7700 (telephone)
410.659.7773 (facsimile)

Attorneys for Continental Casualty Company

Dated:  September 30, 2003
20024.014:67365v.2