IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION
\*

NEAL S. SMITH,                          \*

    Plaintiff,                      \*

v.                                      \*    CIVIL NO.: WDQ-02-3049

CONTINENTAL CASUALTY COMPANY            \*

                                    \*

    Defendant.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION AND ORDER

In September 2002, Neal S. Smith sued Continental Casualty Company ("Continental") for wrongful denial of benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA").[1]  Concluding that Continental had abused its discretion in denying his claim for long term disability benefits, the Court granted in part Smith's cross-motion for summary judgment, and denied Continental's cross-motion for summary judgment.  *Smith v. Cont'l Cas. Co.*, 276 F. Supp. 2d 447, 459-60 (D. Md. 2003).  Continental appealed to the United States Court of Appeals for the Fourth Circuit.

The Fourth Circuit held that the District Court erred by "equating the determination of disability under the Social Security regime with the determination of disability under the

---

    [1]29 U.S.C. §§ 1001 *et seq.* (2004).

ERISA plan at issue." *Smith v. Cont'l Cas. Co.*, 2004 WL
1178211, *5 (Md. 2004).  The Fourth Circuit vacated the
District Court's judgment and remanded the case for further
proceedings consistent with its opinion.  For the reasons
discussed below, the parties' cross-motions for summary
judgment will be denied, and the case will be remanded to the
administrator for further consideration.

BACKGROUND

Between 1997 and 2000, Smith underwent several surgeries
to ameliorate severe pain in his lower back.[2]  In January
2001, having experienced some relief after the surgical
procedures, Smith jumped up to celebrate a touchdown while
watching a football game.  Since then, Smith has been unable
to stand or walk for more than three to five minutes at a time
before he has to lie down.

In February 2001, Smith filed a claim for long term
disability benefits under the ERISA plan that Continental
administered for his employer.  Continental denied his claim
on April 16, 2001.  Smith filed an administrative appeal and
submitted additional information for consideration, but the
appeals unit denied his claim on November 21, 2001.  Smith

---

[2]For a detailed recitation of the facts, see *Smith*, 2004 WL
1178211, at *1.

filed a second appeal, but on May 2, 2002, Continental issued
its final denial of his claim.


STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure,
summary judgment is appropriate when there is no genuine issue
as to any material fact, and the moving party is entitled to
summary judgment as a matter of law.  In *Anderson v. Liberty
Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court
explained that, in considering a motion for summary judgment,
"the judge's function is not . . . to weigh the evidence and
determine the truth of the matter but to determine whether
there is a genuine issue for trial."  A dispute about a
material fact is genuine "if the evidence is such that a
reasonable jury could return a verdict for the nonmoving
party."  *Id*. at 248.  Thus, "the judge must ask . . . whether
a fair-minded jury could return a verdict for the [nonmoving
party] on the evidence presented."  *Id.* at 252.

In undertaking this inquiry, a court must view the facts
and the reasonable inferences drawn therefrom "in the light
most favorable to the party opposing the motion," *Matsushita
Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587
(1986), but the opponent must produce evidence upon which a

reasonable fact finder could rely. *Celotex Corp. v. Catrett,*
477 U.S. 317 (1986). The mere existence of a "scintilla" of
evidence in support of the nonmoving party's case is not
sufficient to preclude an order granting summary judgment.
*Anderson*, 477 U.S. at 252.

ANALYSIS

When reviewing a denial of benefits under ERISA, the
Court must first decide whether the plan grants the
administrator discretion to determine eligibility for
benefits, and if so, whether the administrator acted within
the scope of that discretion. *Gallagher v. Reliance Standard
Life Ins. Co.*, 305 F.3d 264, 268 (4th Cir. 2002). It is
undisputed that Continental had discretion to determine
eligibility for benefits. The Court must, therefore, review
Continental's denial of benefits to determine whether it
amounts to an abuse of discretion. *Feder v. The Paul Revere
Life Ins. Co.*, 228 F.3d 518, 522 (4th Cir. 2000).

When a "plan administrator or fiduciary is vested with
discretionary authority and is 'operating under a conflict of
interest, that conflict must be weighed as a factor in
determining whether there is an abuse of discretion.'" *Ellis
v. Metro. Life Ins. Co.*, 126 F.3d 228, 233 (4th Cir. 1997)
(*quoting Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101,

4

115 (1989)).

When a conflict of interest exists, the Court adjusts its review on a case by case basis, lessening the deference normally given under the abuse of discretion standard, only to the extent necessary to counteract any influence resulting from the conflict. *Id.* "The more incentive for the administrator or fiduciary to benefit itself by a certain interpretation of benefit eligibility or other plan terms, the more objectively reasonable the administrator or fiduciary's decision must be and the more substantial the evidence must be to support it." *Id.* Because Continental both insures and administers the plan, the modified conflict of interest standard applies. *Smith*, 2004 WL 1178211, at *4.

The award of benefits under any ERISA plan is governed by the language of the plan itself. *Lockhart v. United Mine Workers of Am. 1974 Pension Trust*, 5 F.3d 74, 78 (4th Cir. 1993). In determining whether a plan administrator acted within its discretion in denying benefits, the court should consider whether the administrator's interpretation was consistent with the plan's provisions. *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 342 (4th Cir. 2000).

Smith's disability plan provides that a claimant is

5

"Disabled" if "Injury or Sickness causes physical or mental impairment to such a degree of severity that [the claimant is]: (1) continuously unable to perform the Material and Substantial Duties of [his/her] Regular Occupation; and (2) not working for wages in any occupation for which [he or she is or becomes] qualified by education, training or experience."  Administrative Record at CCC 0094.

     Benefits under the plan are subject to a 90 day elimination period, which begins the day the claimant becomes disabled.  *Id.* at CCC 0091, CCC 0094.  If the claimant is disabled throughout the elimination period, and remains disabled upon its expiration, he or she is eligible for benefits.  *Id.* at CCC 0094.  The policy does not cover, however, "[d]isability beyond 24 months after the Elimination Period if it is due to a diagnosed condition which manifests itself primarily with Self-Reported Symptom(s)."  *Id.* at CCC 0099.  "Self-Reported Symptoms" are "symptoms of which [the claimant] tells [his/her] Doctor, [that] are not verifiable or quantifiable using tests, procedures, or clinical examinations Generally Accepted in the Practice of Medicine.  Examples of these manifestations include the following, but are not limited to: fatigue, pain, headaches, stiffness, soreness, tinnitus (ringing in ears), dizziness, numbness, or loss of

energy." *Id.* at CCC 0106.

In denying Smith's claim, Continental acknowledged that his medical records showed "degenerative disc disease, bilateral laminectomies at L3-4 and 4-5, spinal stenosis and subsequent failed back syndrome." *Id.* at CCC 0210.  Although Continental noted that "Mr. Smith may have some back pain and difficulties associated with his longstanding back pain history and surgeries," it found that "the information presented does not support a functional loss that would preclude him from performing the full duties of his regular occupation." *Id.* at CCC 0213.  Continental elaborated that "the primary limiting factor affecting Mr. Smith is his pain complaints, which are disproportionate when compared to the diagnostic and physical findings presented." *Id.*

Notably absent from the denial of benefits letter is any indication that Continental considered the plan's "Self-Reported Symptom(s)" clause when making its decision. *See id.* at CCC 0106.  In fact, the entire administrative record lacks any indication that Continental considered the clause in reviewing Smith's claim.

Given that Smith's disability manifested itself primarily through pain symptoms that Smith reported to his physicians, and that were largely unverifiable using tests or clinical

exams, it squarely fell into the category of disabilities covered by the "Self-Reported Symptom(s)" clause. Consideration of the clause is thus essential in determining whether Smith is entitled to benefits.  Accordingly, the case will be remanded to Continental for further administrative review.  *See Smith*, 2004 WL 1178211, at *7.

CONCLUSION

For the reasons discussed above, the cross-motions for summary judgment will be denied, and the case will be remanded to Continental for further review.


June 9, 2004                          /s/
Date                          William D. Quarles, Jr.
                              United States District Judge